# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:05CR00036 |
| v. | ) **OPINION** |
| | ) |
| **TONI LEA FROST,** | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendant. | ) |

*Toni Lea Frost, Petitioner Pro Se.*

Petitioner Toni Lea Frost, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2005). I find that the motion must be dismissed under Rule 4 of the Rules Governing §2255 Proceedings.

I

Frost pleaded guilty on July 28, 2005, to a four-count indictment, charging her with offenses related to the manufacturing and distribution of methamphetamine. On November 2, 2005, I sentenced Frost to 235 months imprisonment. She appealed her sentence to the United States Court of Appeals for the Fourth Circuit, and that court affirmed this court's judgment on August 23, 2006. *United States v. Frost*, 195 F.

App'x 156 (4th Cir. 2006) (unpublished). Frost then filed an application to extend her time to file a petition for a writ of certiorari in the United States Supreme Court, and was granted until January 20, 2007, to submit such a petition. No such certiorari petition was filed, however.[1]

In the § 2255 motion, Frost contends that her sentence was wrongfully enhanced on the ground that her drug trafficking activities helped to create a substantial risk of harm to the life of a minor. Frost states that the facts necessary to support this enhancement "were never proven by any standard and for which evidence does not exist." Specifically, she asserts:

> There was no evidence introduced regarding where the methamphetamine in my case was manufactured (which was in a distant outbuilding), nor regarding whether the children had ever been near the manufacture or the outbuilding, nor was there any expert testimony regarding combustibility or danger to life. No witnesses were called at all. This is important because my lawyer and I contested the facts the government proffered; I did not agree to them at any point, and I did not have a plea agreement with the government.

(Mot. 5.)

---

[1] The court received Frost's § 2255 motion on January 18, 2008, within one year of the date when her opportunity to file a petition for a writ of certiorari expired. Therefore, the § 2255 motion is timely, pursuant to § 2255 para. 6.

II

Once an issue has been fully considered and decided by the court of appeals, the defendant cannot relitigate the issue before this court under § 2255. *See Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Furthermore, pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case'" that petitioner is not entitled to relief.

The issues that Frost now raises in her § 2255 motion were raised on appeal and expressly addressed and decided by the Fourth Circuit. In its per curiam opinion, the Fourth Circuit recited the following evidence from Frost's case:

> On March 7, 2005, a confidential informant came to Frost's house to buy methamphetamine from her husband, Steven. The Frosts had three children, the oldest of whom was fourteen, and they shared their house with co-defendants Gary Shuttleworth and Brian Slagle, as well as a friend, Nancy Poole, and her two children, aged six and one-and-a-half. The confidential informant observed Steven manufacturing methamphetamine in an outbuilding, accompanied by his fourteen-year-old son. Toni Frost and the couple's four-year-old son also came to the outbuilding briefly. Because the methamphetamine batch was not ready, the confidential informant returned later, and saw Steven Frost walking from the house to the outbuilding with the finished methamphetamine in a pyrex dish. Frost put some of the methamphetamine in a "makeshift pipe made from a household lightbulb" and smoked it. Toni Frost and her four-year-old son again

> came to the outbuilding while Steven Frost sold a quantity of methamphetamine to the informant.
>
> On May 9, 2005, Steven Frost and Shuttleworth were arrested following the sale of 10.5 grams of methamphetamine to the informant at a location away from the home. A search warrant was then executed at the Frosts' home. Items and substances used in the manufacture of methamphetamine were seized, as well as numerous firearms. Toni Frost and co-defendant Brian Slagle were arrested. Statements provided by Steven and Toni Frost and Shuttleworth indicated that Steven Frost manufactured approximately 1056 grams of methamphetamine between April 2004 and March 2005. Toni Frost assisted her husband by buying the precursor materials—cold pills and matches—several times a week, as well as gallon jugs of iodine less frequently.

195 F. App'x at 157. On appeal, Frost argued, among other things, that the six-level enhancement under U. S. Sentencing Guidelines Manual § 2D1.10(b)(1)(B), based on risk of harm to the life of a child, was plain error because she never admitted the facts supporting it and such facts were never proven beyond a reasonable doubt or by a preponderance of the evidence.[2] The Fourth Circuit panel rejected all of these arguments:

> We are convinced, however, that the district court did not plainly err in applying the enhancement based on the government's proffer of the risk of fire or the release of phosphine gas posed by the process of

---

[2] Frost asserts in her § 2255 motion that she and her attorney contested the facts offered by the government in support of the enhancement. (Sent. Tr. 8.) The record indicates that Frost's counsel initially objected to the enhancement and then withdrew the objection. (Sent. Tr. 4, 7.) I also questioned the application of the enhancement, but concluded that it did apply. (Sent. Tr. 43-49, 82.)

- 4 -

manufacturing methamphetamine, particularly since there was evidence that some of the manufacturing may have taken place in the house. The dangers of methamphetamine labs are well-documented.

*Id.* at 158-59 (citing cases regarding hazards associated with methamphetamine labs). The court of appeals affirmed the judgment below, holding that Frost's sentence was reasonable, as it "was within the correct advisory guideline range, and the district court considered factors set out in [18 U.S.C.] §3553(a)." *Id.* at 159.

III

As the court of appeals has clearly considered and decided the merits of the claims that Frost now raises before this court, I may not revisit these issues under § 2255. Accordingly, I must dismiss the motion under Rule 4.

A separate Final Order will be entered herewith.

                    ENTER: January 24, 2008

                    /s/ JAMES P. JONES
                    Chief United States District Judge