# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:05CR00036-002 |
| v. | ) **OPINION AND ORDER** |
| | ) |
| TONI LEA FROST, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Toni Lea Frost, Pro Se Defendant.*

Defendant Toni Lea Frost is currently serving a prison sentence imposed by this court. On February 27, 2015, I granted Frost's motion for a sentence reduction pursuant to Amendment 782 of the U.S. Sentencing Guidelines Manual ("U.S.S.G."), U.S.S.G. § 1B1.10 of the Manual, and 18 U.S.C. § 3582(c)(2), and reduced her sentence from 235 months to 210 months.

Frost now moves the court to reconsider the extent of the sentence reduction in its prior order.[1] She contends that her original 235-month imprisonment term was calculated using a criminal history category of I, which should have resulted in a reduced sentence of 188 months under the amended guideline range. Because Frost's original sentence was in fact based on a criminal history of II, however, her

---

[1] Although the motion is characterized as a Motion for Clarification, the motion seeks reconsideration of the court's prior order and will thus be treated as a Motion to Reconsider.

reduced sentence is at the minimum of the amended guideline range and the court does not have the authority to further reduce her sentence.

I.

On November 4, 2005, this court sentenced Frost based on her guilty plea to all counts of the indictment, without a written plea agreement. She pleaded guilty to conspiracy to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 & 841(b)(1)(A), maintaining a place to manufacture methamphetamine in violation of 21 U.S.C. § 856(a)(1), endangering life while manufacturing methamphetamine, 21 U.S.C. § 858, and being an unlawful user of a controlled substance in possession of a firearm, 18 U.S.C. § 922(g)(3). Pursuant to the Sentencing Guidelines, Frost had an Offense Level of 38, with a Criminal History Category of II, resulting in an advisory imprisonment range of 262 to 327 months. The court departed below the advisory guideline range pursuant to U.S.S.G. § 4A1.3, on the basis that Frost's criminal history category substantially over-represented the seriousness of her criminal history, and sentenced her to 235 months in prison.

On April 30, 2014, the U.S. Sentencing Commission submitted to Congress a proposed amendment to the sentencing guidelines that would revise the guidelines applicable to drug trafficking offenses, effective November 1, 2014. The drug amendment, designated Amendment 782, later made retroactive by

Amendment 788, U.S.S.G. § 1B1.10(d), generally reduces by two levels the offense levels assigned to the drug quantities described in U.S.S.G. § 2D1.1. Applicable to the present case, Frost's amended guideline range was 210 to 262 months, based upon a new Offense Level of 36.

On February 27, 2015, I granted Frost's motion for a sentence reduction pursuant to Amendment 782, and reduced her total imprisonment term to 210 months.

Where an amendment, such as Amendment 782, has been made retroactive, the Guidelines confer discretion on the court to grant a reduction and to determine the extent of any such reduction, provided that the new sentence is not less than the minimum amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A). In cases where the defendant's sentence is less than the amended guideline range because of a motion by the government to reflect the defendant's substantial assistance, the Guidelines provide an exception that permits a reduction "comparably less than the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(B).

In Frost's case, her original sentence was less than the minimum guideline range due to a departure based on the inadequacy of her criminal history category. Because the departure was not based on substantial assistance to the government, her new sentence could not be comparably reduced below the amended guideline range. Therefore, Frost's sentence was reduced to the minimum of the amended

-3-

Case 1:05-cr-00036-JPJ-mfu   Document 189   Filed 04/13/15   Page 3 of 4   Pageid#: 557

guideline range, to 210 months.  Under U.S.S.G. § 1B1.10(b)(2)(A), this court has no authority to further reduce Frost's sentence.

II.

For these reasons, it is **ORDERED** that the Motion to Reconsider (ECF No. 188) is DENIED.

ENTER: April 13, 2015

/s/  James P. Jones
United States District Judge